IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MONTE INGRAM, JR. #550-827  \*
Plaintiff                   \*
                            \*
v.                          \*   Civil Case No. WDQ 11-3774
                            \*
WARDEN                      \*
Defendant                   \*

MEMORANDUM

This is Monte Ingram's twelfth prisoner civil rights action in this court in the last ten months. One case is currently proceeding. *See Ingram v. Aranout*, et al., Civil Action WDQ-10-3160. As has been explained previously to Ingram, the litigation he is filing has become vexatious and places a burden upon this Court which is unfair to the numerous other *pro se* litigants with whom this Court must share its time. While this Court shall not foreclose or enjoin Ingram from initiating an action, it will limit the number of active cases filed by Ingram to ensure that court process is available to him, without taxing the time and resources of the court or hindering the Court from fulfilling its constitutional duty.

This case has been reviewed and shall be administratively closed. Future complaints filed by Ingram shall be given an initial review by the court to ascertain whether immediate attention is required. If immediate attention is necessary, the court will order the Clerk to place the case on the Court's active-assigned docket. Whereas here, immediate action is not required, the Court will order the case administratively closed. Cases in this posture will be filed, one at a time, on the Court's active docket at such time as the total number of Ingram's active cases decrease to zero.[1]

---

[1] This essentially is the procedure approved by the Fourth Circuit in *In Re Mahler*, No. 80-1887 (4th Cir. Feb. 19, 1981) (unpublished). A similar pre-filing review order was approved by this Circuit in *Woltz v. Sellman, et al.*, 51 F.3d 270, 1995 WL 146285 (4th Cir. April 5, 1995) (unpublished)(*per curiam*).

Ingram's Motion for Recusal shall be denied. Pursuant to 28 U.S.C. § 455 (a), a judge is required to recuse himself "in any proceeding in which his partiality might reasonably be questioned." In order to warrant recusal, a court's alleged bias must be personal in nature and not arising out of litigation. *See In Re Beard*, 811 F. 2d 818, 827 (4th Cir. 1987). Petitioner's complaint is devoid of any factual basis to support recusal. His groundless allegation that the undersigned "side[s]" with the prisoner personnel who allegedly harass him is not based on tangible evidence, but on prior judicial rulings unfavorable to him. ECF No. 2. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994)(citing *United States v. Grinnell Corporation*, 384 U.S. 563, 583 (1966)). Petitioner's claim of bias has no merit and is insufficient to warrant recusal. It will be denied. A separate Order follows.

Date: January 18, 2012.

/s/ William D. Quarles, Jr.
William D. Quarles, Jr.
United States District Judge